UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEREMY MARVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01822-JRS-TAB |
| ) | |
| DELAWARE COUNTY, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO STAY DISCOVERY**

**I.    Introduction**

Defendant Delaware County filed a motion to stay discovery in this case. [Filing No. 22.] Defendant argues that relevant factors weigh in favor of granting the stay pending resolution of Defendant's motion to dismiss. Plaintiff Jeremy Martin claims a stay will unduly prejudice and tactically disadvantage him. This is not a particularly complex case, and discovery should not be onerous. Thus, as stated more fully below, Defendant's motion is denied.

**II.    Background**

Plaintiff worked for the Delaware County Emergency Communications Center, operated by Defendant. In that role, Plaintiff reported to two Delaware County employees that Plaintiff believed engaged in "ghost" employment (working part time but claiming pay for full time employment). In June 2024, Plaintiff reported his concerns of misuse of public resources to the Indiana State Board of Accounts. Plaintiff also submitted a public records request for information related to the employment contracts of these employees. In early July 2024, Plaintiff applied for a promotion at work. He had an interview scheduled, but before the interview occurred, Defendant terminated his employment.

On October 14, 2024, Plaintiff filed a complaint alleging that Defendant unlawfully retaliated against him in violation of the First Amendment after Plaintiff submitted his public records request. [Filing No. 1.] Defendant filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's submission of a public records request did not amount to constitutionally protected speech. [Filing No. 13.] In response, Plaintiff filed an amended complaint, which reasserts Plaintiff's public records request claim, as well as a new cause of action based upon Plaintiff's complaint to the State Board of Accounts. [Filing No. 14.] Defendant once again responded with a motion to dismiss [Filing No. 18], which pends. Defendant also moved to stay discovery until the Court rules on its pending motion to dismiss. [Filing No. 22.]

### III.   Discussion

Defendant argues good cause exists to implement a stay in this case because requiring Defendant to respond to Plaintiff's discovery requests will result in Defendant incurring unnecessary burdens and expenses if the motion to dismiss is eventually granted. [Filing No. 22, at ECF p. 2.] District courts have "extremely broad discretion" in deciding whether to issue a stay of discovery, and "may limit the scope and timing of discovery through an exercise of [their] inherent authority to manage litigation or through [their] authority under Federal Rule of Civil Procedure 26(c), (d)." *Sparger-Withers v. Taylor*, No. 1:21-cv-2824-JRS-MG, 2022 WL 1185747, at *2 (S.D. Ind. Apr. 21, 2022) (citations omitted). The movant "bears the burden of proof to show that the Court should exercise its discretion in staying the case" and must show that "good cause exists for the stay." *United States ex rel. Robinson v. Ind. Univ. Health, Inc.*, No. 1:13-cv-02009-TWP-MJD, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015). To determine whether to grant a stay of discovery, the Court considers three factors: (1) the

prejudice to the non-moving party; (2) whether the issues will be simplified; and (3) whether a stay will reduce the burden of litigation on a party. *See, e.g., DeBoard v. BH Urban Station, LLC*, No. 1:22-cv-02160-RLY-KMB, 2023 WL 1363346, at *1 (S.D. Ind. Jan. 30, 2023).

Applying these factors, Defendant argues: (1) Plaintiff will not be unduly prejudiced, because the requested stay would likely be for a short duration until the Court rules on Defendant's motion to dismiss and would not impact the August 24, 2026, trial date and related Case Management Plan deadlines; (2) a stay will likely simplify the issues if the motion to dismiss disposes of the litigation; and (3) a stay would avoid burdening Defendant with responding to Plaintiff's discovery requests, which become unnecessary if the Court grants the motion to dismiss.

While the Court agrees that a ruling in Defendant's favor on the pending motion to dismiss would dispose of this litigation, it is also true that this is not a complex case. Discovery should not be onerous, and a stay would stall any progress on resolving this case until an uncertain point in time when the Court rules on the pending motion to dismiss. In addition, while Defendant's motion seeks only to stay discovery, Defendant does not ask to stay any other deadlines in this case. Thus, if the Court implemented a stay on discovery, all deadlines set for this case would get closer without Plaintiff having the opportunity to gather any necessary responses and documentation to prove his case. For all these reasons, the Court, in its discretion, declines to enter a stay in this matter.

### IV. Conclusion

Accordingly, Defendant's motion to stay discovery [Filing No. 22] is denied. The parties may proceed with discovery.

_____

Date: 3/28/2025

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email